Brown, Circuit Justice,
(dissenting.) I fully concur in the opinion of the court, that, as between the plaintiff and the conductor, the ticket must be deemed conclusive evidence of the contract with the company, and therefore that the conductor was justified in ejecting the plaintiff from the car. I am also of the opinion that defendant’s agent was guilty of negligence in delivering an improper ticket, and under the Michigan practice I am inclined to think an action upon the case was the proper remedy.
In determining the question whether the plaintiff was guilty of contributory negligence, it is pertinent to consider that he was a teacher of music; had not traveled much; that he purchased his ticket at an uptown office-of the company, some considerable distance from the station, and then went to the station to take a particular train, and on arriving there noticed the- mistake in the ticket. The train was advertised to leave within a half or three quarters of an hour, and, having no time to go back to the office where he purchased the ticket, he asked a man in charge of the ticket office at the station to exchange the ticket, and was told that the agent was not there, and he could not exchange it, but he thought that it was all right,—they would understand the mistake'. The very fact that the company did not have an agent at the station with authority to correct a mistake of this kind is somewhat singular, and probably induced the plaintiff to rely upon the statement of the person he found there, that it was all right. It appears to me immaterial, as bearing upon the negligence of the plaintiff, whether this man was actually an agent of the company or not, though the fact that he was the only person in the ticket office just before the departure of a train would naturally lead to the inference that he was the ticket agent. In judging of the reasonableness of a man’s conduct, the information upon which he acted is always pertinent. In the view I have taken of the case, if he had asked any experienced railroad man, whether connected with the company or not, the information he received would have been equally available to him. It is .a matter of common knowledge that conductors do sometimes, either through inadvertence or through an imperfect ob *203 servance of their own rules by the company, accept tickets which have expired, or take up tickets which are being used in the wrong direction, as was actually done by the conductor from Quebec to Montreal in this case. Such conduct might easily induce a person of ordinary intelligence to suppose that the company waived a strict compliance with the terms of the ticket in this particular. The question of negligence depends, too, not wholly upon what was done in a particular case, but somewhat upon the age, capacity, and experience of the party doing the act. Had the plaintiff been an experienced railroad man, a jury would probably find little difficulty in holding that he must have known his ticket would not have been accepted, and that he should have returned to the office of the company, and had the mistake corrected. On the other hand, had he been an ignorant man, wholly unacquainted with traveling and the usages of railroads, a jury would be quite likely to find that he was not guilty of negligence in acting upon the advice of a man in charge of the office of the company at the station, and I should have been disposed to uphold a verdict in his favor. The question for the court in every such case is whether the evidence of contributory negligence is so clear that intelligent men should not differ in their conclusions. This being the test, it seems to me the question in this case should have been submitted to the jury.
The opinion of the court seems to hold that the plaintiff was bound to know, as a matter of law, that his ticket would not have been accepted. This is practically holding that if the agent who sold the ticket, himself had told the plaintiff that his ticket, though defective, would be accepted, the plaintiff would still be guilty of contributory negligence in acting upon his advice.
It seems to me that this is carrying the maxim concerning ignorance of the law to an unwarranted extent.